COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


 
 
  
  
 THE SPIKE S RANCH, INC. AND
 GUIDO PATHAK,
  
                             Appellants,
  
 v.
  
 FOREIGN TRADE AND
 MANAGEMENT, S.A.
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
 
 
  
  
                 No.
 08-99-00411-CV
  
 Appeal from the
  
             County Court at Law
 No. 3 
  
 of El Paso County, Texas
  
 (TC# 99-2521)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


 

MEMORANDUM OPINION

 

The instant appeal is reinstated
following an automatic stay and the motion to substitute counsel is
granted.  Pending before the Court is a
motion for rehearing and joint motion to dismiss appeal.

Shortly after issuance of our opinion
which reversed the trial court=s order denying arbitration, appellants filed a bankruptcy
petition.  Spike S. Ranch, Inc. v.
Foreign Trade and Management, S.A., No. 08-99-00411-CV, 2000 WL 1038165
(Tex. App.--El Paso July 27, 2000, no pet.) (not designated for
publication).  As a result of the
automatic stay, the Court could not act upon appellee=s motion for rehearing or other
pending motions.








Appellants and appellee have resolved
all matters between them in the course of the bankruptcy proceedings.  Accordingly, the parties have filed this
motion to dismiss appeal pursuant to Tex.
R. App. P. 42.1, which states that:

(a)  On Motion or By Agreement.  The appellate court may dispose of an
appeal as follows:

 

(1)  On Motion
of Appellant.  In accordance with a
motion of appellant, the court may dismiss the appeal or affirm the appealed
judgment or order unless disposition would prevent a party from seeking relief
to which it would otherwise be entitled.

 

(2)  By
Agreement.  In accordance with an
agreement signed by the parties or their attorneys and filed with the clerk,
the court may:

 

(A)  render judgment effectuating the parties= agreements;

 

(B)  set aside the trial court=s judgment without regard to the merits and remand the
case to the trial court for rendition of judgment in accordance with the
agreements; or

 

(C)  abate the appeal and permit proceedings in
the trial court to effectuate the agreement.

 

The motion for rehearing is denied as
moot, and the appeal is dismissed pursuant to the agreement of the
parties.  The judgment of July 27, 2000
is withdrawn and the judgment of December 11, 2003 is substituted.  Each party shall bear its own costs in this
Court and the court below.

 

SUSAN
LARSEN, Justice

December 11, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew,
JJ.